O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERYL A. BERRY, | ) NO. ED CV 07-237-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **AND ORDER OF REMAND** |
| Defendant. | ) |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on March 8, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 5, 2007.

Plaintiff filed a "Motion for Summary Judgment" on August 7, 2007. Defendant filed a "Cross-Motion for Summary Judgment" on August 28, 2007. The Court has taken both motions under submission without oral argument. See Fed. R. Civ. Proc. 78; L.R. 7-15; "Order," filed March 12, 2007.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On August 19, 2004, Plaintiff filed an application for supplemental security income (Administrative Record ("A.R.") 59-66). Plaintiff asserts disability based on "asthma, short[ness] of breath, [and] back problems" (A.R. 75; but see Pl.'s Mot., p. 2 (alleging Plaintiff also suffers from anxiety and panic attacks)). Plaintiff alleges she became disabled as of January 13, 2003 (A.R. 76).[1]

The Social Security Administration denied Plaintiff's application initially and upon reconsideration (A.R. 18-22, 32-38, 41-45). Plaintiff requested a hearing, which was held before an ALJ on May 24, 2006 (A.R. 46, 180-208). The ALJ examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 180-208). Plaintiff testified that, among other limitations, she uses a breathing machine with Albuterol Sulfate three to four times per day, for 35 to 45 minutes at a time, for shortness of

---

[1] Plaintiff previously had filed an application for supplemental security income on January 13, 2003, asserting disability since December 31, 2002 due to asthma (A.R. 23-24). After a hearing, an Administrative Law Judge ("ALJ") denied benefits, finding Plaintiff could perform her past relevant work and therefore was not disabled. See A.R. 23-27 (prior ALJ decision).

2

breath (A.R. 191-94).

The ALJ found that Plaintiff's testimony regarding her limitations was not credible (A.R. 13-14). In at least partial reliance on this credibility finding, the ALJ denied benefits (A.R. 14-15). The ALJ found that Plaintiff suffers from asthma and a seizure disorder, which are "severe," within the meaning of 20 C.F.R. sections 404.1520 and 416.920 (A.R. 12). The ALJ also found, however, that: (1) Plaintiff retains the residual functional capacity to perform a wide range of light work,[2] as long as the work: (i) does

---

> [2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). SSR 83-10 instructs that:

> . . . the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and
> (continued...)

1 not involve working around unprotected heights, dangerous machinery,
2 or temperature extremes; (ii) provides a clean air environment; and
3 (iii) does not require more than occasional climbing, balancing,
4 stooping, kneeling, crouching and crawling. See A.R. 14-16 (finding
5 greater limitations than treating and consulting physicians at A.R.
6 132, 151-70, 176-79, who opined that Plaintiff is not disabled and
7 could do medium work); (2) Plaintiff is unable to perform her past
8 relevant work (A.R. 13); but (3) there are a significant number of
9 jobs in the national economy that Plaintiff assertedly could perform
10 at the light exertion level in spite of her limitations (A.R. 15
11 (adopting vocational expert testimony at A.R. 202-03, 206)). The
12 Appeals Council denied review (A.R. 3-5).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

///
///
///

---

[2](...continued)
hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work. See SSR 83-10.

**DISCUSSION**

**I.  The ALJ Based His Credibility Finding, at Least in Part, on a Mischaracterization of the Record.**

Plaintiff complains the ALJ erred in rejecting her testimony that she frequently needs to use a breathing machine for shortness of breath. See Pl.'s Mot., pp. 3-5.  When an ALJ determines that a claimant's testimony is not credible, the ALJ must make "specific, cogent" findings, supported in the record, to justify the ALJ's determination.  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[3]  In this case, the ALJ noted Plaintiff's testimony concerning her need to use the breathing machine, but found it not credible because "there is no indication in the record that [Plaintiff] was prescribed a breathing machine" (A.R. 14).  This statement mischaracterizes the record.

///
///
///
///
///

---

[3] In the absence of evidence of "malingering," some Ninth Circuit cases have applied the arguably more rigorous "clear and convincing" standard.  See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases).  In the present case, the ALJ's findings do not pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so the distinction between the two standards (if any) is academic.

The record reflects that on August 13, 2003, Plaintiff purchased a nebulizer (breathing machine)[4] and "Proventil 0.083% inh. UD" from the San Gorgonio Medical Hospital. At the time of the previous administrative hearing in April 2004, Plaintiff reportedly testified that she used the nebulizer every other day or so (A.R. 25). Since August 2004, several of Plaintiff's treatment records note that Plaintiff was taking Albuterol solution. See A.R. 131 (noting Plaintiff takes "Albuterol MN/MDI" (metered nebulizer/metered dose inhaler)); A.R. 138 (noting Plaintiff takes Albuterol solution, 0.83 mg/ml, "QID" (four times per day) and uses an Albuterol inhaler); see also A.R. 172 (Independent Medical Examination noting Plaintiff takes Albuterol solution). Albuterol solution is a prescription medication and a prescription is also required to obtain a nebulizer. See Brunilda Nazario, MD, Asthma Nebulizers (Breathing Machine) and Asthma Inhalers (Bronchodilators) (James E. Gerace, MD, ed., 2006), available at http://www.webmd.com/asthma/guide/home-nebulizer-therapy and http://www.webmd.com/asthma/guide/asthma_inhalers_bronchodilators (last visited Oct. 12, 2007). If the ALJ was uncertain concerning whether (contrary to usual practice), these treatments were somehow available to Plaintiff without a prescription, or if the ALJ was dubious concerning whether Plaintiff needed these treatments to control her asthma, the ALJ should have developed the record further regarding these matters. See DeLorme v.

---

[4] See Klitz v. Barnhart, 180 Fed. Appx. 808, 810 n. 2 (10th Cir. 2006) (unpublished decision) ("A nebulizer is '[a] device used to reduce liquid medication to extremely fine cloudlike particles' and is 'useful in delivering medication to deeper parts of the respiratory tract.'" quoting Stedman's Medical Dictionary 1184 (27th ed. 2000)). (The Tenth Circuit permits the citation of all unpublished decisions. See U.S. Ct. App. 10th Cir. Rule 32.1.).

Sullivan, 924 F.2d 841, 849 (9th Cir. 1991) (ALJ has duty to assist in developing the record); 20 C.F.R. § 404.1512(e) (the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved").[5]

The ALJ's mischaracterization of the record calls into question the validity of both the ALJ's credibility determination and the ALJ's decision as a whole. See Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination); see also Valenzuela v. Astrue, 2007 WL 2693679 *1 (9th Cir. Sept. 10, 2007) (unpublished opinion) (finding ALJ's credibility determination unsupported by substantial evidence where it was based in part on "inaccurate characterization" of claimant's testimony);[6] Lesko v. Shalala, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error).

///
///
///

---

[5] Although a treatment record from December 2004 notes that Plaintiff's asthma is "well controlled" (A.R. 132), the medical record fails to establish conclusively that the nebulizer treatments are not required to control Plaintiff's asthma. One of Plaintiff's treating physicians, Dr. Ahsan Qasi, submitted a note dated August 9, 2004 stating that Plaintiff uses Advair and Albuterol and is symptomatic at times (A.R. 126).

[6] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

**II.     Remand, Rather Than Reversal, is Appropriate.**

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

**CONCLUSION**

For all of the foregoing reasons,[7] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  October 18, 2007.

_____/S/_____
               CHARLES F. EICK
          UNITED STATES MAGISTRATE JUDGE

---

[7] The Court has not reached any other issue except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.

8